UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI
(ABERDEEN DIVISIONAL OFFICE)

IN RE:                                                              CASE NUMBER: 19-10537-JDW

NIKKI LEE SHELTON                                          CHAPTER 7

    DEBTOR

## MOTION TO LIFT STAY

Santander Consumer USA Inc. dba Chrysler Capital ("Santander"), a creditor holding a secured claim, represents that:

1.      This Court has jurisdiction over this proceeding and all parties hereto pursuant to 28 U.S.C., Sections 157 and 1334.

2.      On February 6, 2019, Nikki Lee Shelton (the "Debtor") filed with this Court a voluntary petition under Chapter 13 of the Bankruptcy Code.  On March 19, 2019, the case converted to one under Chapter 7 of the Bankruptcy Code.

3.      Santander is the holder of a Retail Installment Sale Contract Simple Finance Charge (with Arbitration Provision) ("Contract") executed by the Debtor on August 17, 2018, which granted a security interest to Santander in a 2018 Dodge Charger ("Vehicle").  A copy of the Contract is attached as Exhibit "A."  As shown in the Secretary's Certificate attached as Exhibit "B," the Contract was assigned to Santander.  As shown by the Certificate of Title attached as Exhibit "C," the Debtor is the owner of record of the Vehicle.

4.      The Debtor's Statement of Intent provides for surrender of the Vehicle.

5.      As of March 27, 2019, the Debtor's account was $2,429.75 delinquent in payments, and the Debtor owed Santander $37,503.47, as shown by the payment history attached as Exhibit "D."

6.    The approximate current fair market value of Vehicle is $21,465.00, which is 90%

of the clean retail N.A.D.A. value attached as Exhibit "E."

7.    The Debtor has no equity in the Vehicle and, therefore, is unable to protect against

depreciation.

8.    The Debtor has failed to provide other means of adequate protection. Pursuant to

11 U.S.C. §362(d)(1), the Debtor's failure to provide adequate protection to the creditor's

interest in the property is a cause for the granting of relief from the stay.

WHEREFORE, Santander Consumer USA Inc. dba Chrysler Capital ("Santander")

prays that the Court enter an order granting relief described as follows:

1.    Termination of the automatic stay to allow Santander to foreclose on its interest in

the above described property, to have the property seized and sold pursuant to state law, to

receive the proceeds of the sale up to the full amount of the debt or to bid up to the full amount

of the debt at the sale; and/or

2.    Authorization for the Debtor to surrender voluntarily the above described property

to Santander; and/or

3.    That any order remain in effect regardless of conversion to another Chapter; and/or

4.    For such other and further relief to which Santander may be entitled.

**THE SUNDMAKER FIRM, L.L.C.**

*/s/ Gregory J. Walsh*
GREGORY J. WALSH (MS Bar No. 104344)
1027 Ninth Street
New Orleans, LA   70115
Telephone: (504) 568-0517
Fax: (504) 568-0519
greg@sundmakerfirm.com
**Attorneys for Santander Consumer USA Inc. dba**
**Chrysler Capital**

## CERTIFICATE OF SERVICE

I certify that the Motion to Lift Stay has been served on all interested parties as listed

below either by electronic mail and/or depositing same in the U.S. Mail, postage prepaid, this 5th

day of April, 2019:

Jeffrey A. Levingston          U. S. Trustee               Robert H. Lomenick, Jr.
PO Box 1327                    501 East Court Street        PO Box 417
Cleveland, MS 38732            Suite 6-430                  Holly Springs, MS 38635
                               Jackson, MS 39201

Nikki Lee Shelton
10238 Fox Run Drive
Olive Branch, MS 38654


                    */s/ Gregory J. Walsh*
                    Gregory J. Walsh

**RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE**

Dealer Number _____ Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| NIKKI SHELTON 10238 FOX RUN DR OLIVE BRANCH, MS 38654-5110 DESOTO | N/A | LANDERS CHRYSLER DODGE JEEP, L 315 GOODMAN RD E SOUTHAVEN, MS 38671 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2018 | DODG CHARO | 2C3CDXBG3JH206161 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 4.90 % | $ 5960.40 | $ 37596.00 | $ 43556.40 | $ 43556.40 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 604.95 | Monthly beginning 10/01/2018 |

Or As Follows:

Late Charge. If a payment is not received in full within 10 days after it is due, you will pay a late charge of 8 % of the part of the payment that is late with a maximum charge of $ 8.00, unless the vehicle is a commercial vehicle. For a commercial vehicle, if payment is not received in full within 10 days after it is due, you will pay a late charge of 4 % of the part of the payment that is late with a minimum charge of $ 8.00 and a maximum charge of $ 50.00.

Prepayment. If you pay early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| 1 Cash Price (including $ 862.33 sales tax) | | $ 28184.00 (1) |
|---|---|---|
| 2 Total Downpayment 2014 DODG CHAL Trade-in (Year) (Make) (Model) | | |
| Gross Trade-In Allowance | $ 10500.00 | |
| Less Pay Off Made By Seller | $ 20600.00 | |
| Equals Net Trade In | $ -10100.00 | |
| + Cash | $ 2850.00 | |
| + Other REBATE | $ 1750.00 | |
| (If total downpayment is negative, enter "0" and see 4J below) | $ 0.00 | (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 28184.00 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies. | | |
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A |
| D Optional Gap Contract | | $ 799.00 |
| E Official Fees Paid to Government Agencies | | $ N/A |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| F Government Taxes Not Included in Cash Price | | $ N/A |
| G Government License and/or Registration Fees | | $ N/A |
| H Government Certificate of Title Fees | | $ 10.00 |
| I Document/Service Fee | | $ 425.00 |

A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW. HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

| J Other Charges (Seller must identify who is paid and describe purpose) | | |
|---|---|---|
| ALLY to Ext Credit or Lease Balance | $ 5500.00 | |
| ALLY SERVICE CONTRACT | $ 2678.00 | |
| to N/A N/A | $ N/A | |
| to N/A N/A | $ N/A | |
| to N/A N/A | $ N/A | |
| to N/A N/A | $ N/A | |
| to N/A N/A | $ N/A | |
| to N/A N/A | $ N/A | |
| to N/A | $ N/A | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 9412.00 | (4) |
| 5 Amount Financed - Principal Balance (3 + 4) | $ 37596.00 | (5) |
| 6 Finance Charge N/A | $ 5960.40 | (6) |
| 7 Total of Payments - Time Balance (5 + 6) | $ 43556.40 | (7) |

OPTION: ☐ You may no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year ___ SELLER'S INITIALS ___

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

| Term 72 Mos. | ALLY GAP Name of Gap Contract |
|---|---|

I want to buy a gap contract.
Buyer Signs X _____

### Insurance column (right)

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☐ Credit Life ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name _____

Home Office Address _____
CL AH CSZ

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

#### Other Optional Insurance
☐ Type of Insurance _____ Term _____
Premium $ _____
Insurance Company Name N/A
Home Office Address N/A

☐ Type of Insurance _____ Term _____
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____ N/A
Buyer Signature Date

X _____ N/A
Co-Buyer Signature Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance): If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

Returned Check Charge: You agree to pay us the actual charges assessed by a financial institution up to $16.00, if any check you give us is dishonored for insufficient funds.

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.

Buyer Signs X _____ Date _____ Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X LANDERS CHRYSLER JEEP 08/07/18 Address _____

Seller signs LANDERS CHRYSLER DODGE JEEP Date _____ By X _____ Title _____
CHRYSLER CAPITAL

Seller assigns its interest in this contract to LANDERS CHRYSLER DODGE JEEP, LLC XX ☐ Assigned without recourse ☐ Assigned with limited recourse (Assignee) under the terms of Seller's agreement(s) with Assignee.

Seller _____ By _____ Title _____

ORIGINAL LIENHOLDER

ILAW FORM NO. 553-MS-ARB

**1. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

d. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security Interest.
You give us a security interest in:
• The vehicle and all parts or goods put on it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service, or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. Insurance you must have on the vehicle.
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law allows. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to your right to redeem the vehicle described below.
Default means:
• You do not pay any payment on time;
• You give false, incomplete, or misleading information on a credit application;
• You start a proceeding in bankruptcy or one is started against you or your property; or
• You break any agreements in this contract.

---

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee and court costs as the law allows. The attorney's fee will not exceed 15% of the amount you owe.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem) by paying all payments that are past due when you redeem, any late charges, and any expenses we incurred related to retaking the vehicle, holding it, and preparing it for sale. After you redeem, you must make the remaining payments under this contract. Your right to redeem ends when we sell the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**5. SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**6. APPLICABLE LAW**
Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019                  or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Form No. 553-MS-ARB 1/17

## SANTANDER CONSUMER USA INC.
### SECRETARY'S CERTIFICATE

I, Eldridge A. Burns, Jr., Secretary of SANTANDER CONSUMER USA INC. (the "Corporation"), a private corporation duly organized and existing under the laws of the State of Illinois, do hereby certify that on February 6, 2013, Chrysler Group LLC granted to the corporation a non-transferable, royalty-free license to use the "*Chrysler Capital*", "*Chrysler*", "*Dodge*", "*Jeep*", "*RAM*", "*Chrysler Capital*" and "*Mopar*" word trademarks, and their corresponding brand logos.

IN WITNESS WHEREOF, I have hereunto signed my name effective as of the 11th day of February 2013.

_____
Eldridge A. Burns, Jr.
Chief Legal Officer and Secretary

# CERTIFICATE OF TITLE

Form # 79-001

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 2C3CDXBG3JH206161 | DODG | 2018 | CHARGER | SD | MS0267347968 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 09/04/2018 | 08/17/2018 | 6 | NEW | PC | 12 |
| | | | | | ACTUAL |

**OWNER(S)**

SHELTON, NIKKI
10238 FOX RUN DR
OLIVE BRANCH MS 38654-5110

**BRANDS**

**1ST LIENHOLDER**

CHRYSLER CAPITAL
PO BOX 961272
FORT WORTH TX 76161-0272

**DATE:** 08/17/2018

**2ND LIENHOLDER**

**DATE:**

**MAIL TO**

M6S-11

CHRYSLER CAPITAL
PO BOX 961272
FORT WORTH TX 76161-0272

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ BY _____
            (LIENHOLDER)              (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20_____

2ND LIEN _____ BY _____
            (LIENHOLDER)              (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20_____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 4TH DAY OF SEPTEMBER 20 18

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1 Mississippi Code of 1972 and subject to the provisions thereof

**CONTROL NUMBER**

**MISSISSIPPI DEPARTMENT OF REVENUE**

*Herb Frierson*





P.O. Box 961275
Fort Worth, TX 76161

**Account Number:**                    **Primary Name:**    NIKKI SHELTON

| Good Through | Total Payoff | Principal | Interest | Late Fees | Misc. Fees | |
|---|---|---|---|---|---|---|
| Apr 16, 2019 | $37,607.44 | $36,879.55 | $717.89 | $10.00 | $0.00 | |

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| Jan 25, 2019 | $5.00 | $0.00 | $0.00 | $5.00 | $0.00 | $36,879.55 |
| Late charge assessment System Generated Transaction | | | | | | |
| Dec 25, 2018 | $5.00 | $0.00 | $0.00 | $5.00 | $0.00 | $36,879.55 |
| Late charge assessment System Generated Transaction | | | | | | |
| Nov 23, 2018 | $-605.00 | $-449.65 | $-155.35 | $0.00 | $0.00 | $36,879.55 |
| System allocated payment IVR - Pinless Debit (no fee) | | | | | | |
| Oct 23, 2018 | $-604.95 | $-266.80 | $-338.15 | $0.00 | $0.00 | $37,329.20 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |

## N.A.D.A. Official Used Car Guide
### Automated Vehicle Valuation
Tuesday, April 02, 2019

| | | | | |
|---|---|---|---|---|
| **Guide Edition:** | April 2019 | | **Region:** | Southeastern |
| **Vehicle:** | 2018  DODGE | | | |
| | Charger | | **VIN:** | 2C3CDXBG3JH206161 |
| | Sedan 4D SXT V6 | | **Weight:** | 3,934 |
| **Mileage:** | 7,612 | | **MSRP:** | $28,495.00 |
| **Base Retail:** | $22,400.00 | **Base Trade:** $20,150.00 | **Base Loan:** | $18,150.00 |

### Accessory Adjustments:

| | (Retail) | (Trade) | (Loan) |
|---|---|---|---|
| Aluminum/Alloy Wheels | (w/body) | (w/body) | (w/body) |

**Mileage Adj.:**   $1,450.00            **(Trade) Accessory Adj.:**   $0.00

### Total N.A.D.A. Official Used Car Values

**Retail:**  $23,850.00          **Trade:**  $21,600.00          **Loan:**   $19,600.00

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company  Copyright NADASC 1996